20 MAG 546

Approved: _____
BRETT M. KALIKOW
Assistant United States Attorney

Before:    THE HONORABLE KATHARINE H. PARKER
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA            :   SEALED COMPLAINT
                                    :
        - v. -                      :   Violations of 18 U.S.C.
                                    :   §§ 2312 and 2.
MOHAMMED KHAN,                      :
                                    :   COUNTY OF OFFENSE:
                Defendant.          :   Bronx
                                    :
                                    :
- - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

ARMANDO COUTINHO, being duly sworn, deposes and says that he is a Detective with the New York Police Department ("NYPD") - Federal Bureau of investigation ("FBI") Joint Major Theft Task Force, and charges as follows:

COUNT ONE
(Interstate Transportation of a Stolen Vehicle)

1.    From in or about June 2017 to in or about September 2017, in the Southern District of New York and elsewhere, MOHAMMED KHAN, the defendant, transported in interstate and foreign commerce, motor vehicles, vessels, and aircrafts knowing the same to have been stolen, to wit, KHAN stole at least approximately 14 motor vehicles from a dealership in the Bronx, New York ("Dealership-1"), which he sold and delivered, or caused to be delivered, to a dealership in Danbury, Connecticut ("Dealership-2").

(Title 18, United States Code, Sections 2312 and 2.)

2.    I am a Detective with the NYPD-FBI Joint Major Theft Task Force (C-15) and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, witnesses and

others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

   3. Based on my participation in this investigation, my conversations with other law enforcement officers, my conversations with employees of, and records provided by, Dealership-1 and Dealership-2, and my conversations with employees of, and records provided by, various vehicle financing companies, I have learned, among other things, the following:

    a. As part of its ordinary business practice, Dealership-1 accepts vehicles from legitimate customers who return leased motor vehicles before the lease on those vehicles expires ("Returned Vehicles").[1] This practice allows the customers to terminate a lease early on a Returned Vehicle, and obtain a new leased vehicle from Dealership-1. When Dealership-1 takes possession of a Returned Vehicle, Dealership-1 generally becomes responsible for owed payments on the outstanding lease. Dealership-1 may return the Returned Vehicle to the bank or dealership that had title on the leased vehicle, or Dealership-1 may pay off the balance owed on a vehicle to obtain ownership of the vehicle.

    b. Beginning on or about May 4, 2017, MOHAMMED KHAN, the defendant, began employment as a Sales Manager at Dealership-1. As relevant here, KHAN's responsibilities included processing leased vehicles obtained by Dealership-1 from customers, and returning Returned Vehicles to the bank or dealership possessing title on the vehicle.

    c. From in or about June 2017 to September 2017, Kahn sold at least approximately 14 vehicles (the "Stolen Vehicles") to Dealership-2 that had been returned to Dealership-1 as early termination leases. KHAN sold the Stolen Vehicles without the knowledge or authorization of Dealership-1 or the title-holding bank for the respective vehicles. KHAN did not provide Dealership-2 with proper title to the Stolen Vehicles.

---

[1] Dealership-1 will accept possession from customers of leased vehicles that were initially leased from Dealership-1 or from other dealerships.

2

d. KHAN delivered, and caused to be delivered, the Stolen Vehicles from Dealership-1, in the Bronx, New York, to Dealership-2, in Danbury, Connecticut.

e. Dealership-2 made partial payments to KHAN for the purchases of the Stolen Vehicles, totaling at least approximately $146,316.

f. Dealership-1 has proper title to at least approximately one of the Stolen Vehicles. Title for the remaining stolen vehicles are held by various financing companies associated with vehicle manufacturers.

g. On or about December 3, 2017, KHAN sent an email to an employee of Dealership-1, in which, in substance and in part, KHAN admitted to stealing and selling vehicles from Dealership-1. KAHN explained that, in June and July 2017, he was "desperate" financially, and that he sold certain vehicles on which he could make a profit, with the intention of paying off the balance on the vehicles in order to obtain the vehicle titles to supply to the purchaser. KHAN further explained that his scheme stopped working when he did not have the money to pay the vehicle balances. KHAN acknowledged his "misconduct" and offered to "financially fix what has happened."

WHEREFORE, deponent respectfully requests that an arrest warrant be issued for MOHAMMED KHAN, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
Armando Coutinho
Detective
New York City Police Department -
Federal Bureau of investigation Joint
Major Theft Task Force

Sworn to before me this
\_\_\_ day of January, 2020

_____
THE HONORABLE KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

3